**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

AGUEDA MARTE MARTE,

Petitioner,

v.

**NATALIA FIGUEROA**, in her official capacity as Director of the USCIS San Juan Field Office; **KIKA SCOTT**, in her official capacity as District Director, USCIS District 9 (Miami District); **JOSEPH EDLOW**, in his official capacity as Director, U.S. Citizenship and Immigration Services; and **MARKWAYNE MULLIN**, in his official capacity as Secretary of the U.S. Department of Homeland Security,

Respondents.

Civil No.: _______________

Agency No.: A086-917-794

**VERIFIED PETITION FOR WRIT OF MANDAMUS AND COMPLAINT FOR RELIEF UNDER THE ADMINISTRATIVE PROCEDURE ACT**

TO THE HONORABLE COURT:

Petitioner Agueda Marte Marte, through her undersigned counsel, respectfully states:

## I. INTRODUCTION

1. Petitioner Agueda Marte Marte has been a lawful permanent resident of the United States since December 8, 2011. On December 18, 2022, she married Antolín Esteban Nolasco German ("Mr. Nolasco") (A086-917-794), a native and citizen of the Dominican Republic, in San Juan, Puerto Rico. (Exhibits 1, 2, 3).

2. On November 4, 2025, Petitioner filed a Form I-130, Petition for Alien Relative, for her husband. USCIS assigned it Receipt No. IOE9675504506. (Exhibit 4). The petition has been

pending for more than twelve months. USCIS has not issued a request for evidence, has not scheduled an interview, and has not decided it.

3. Mr. Nolasco faces two fixed deadlines. On October 21, 2026, the Guaynabo Immigration Court granted him pre-conclusion voluntary departure and ordered him to depart on or before February 18, 2027. (Exhibit 5). Any motion to reopen his case must be filed by January 19, 2027. 8 U.S.C. § 1229a(c)(7)(C)(i). The departure date cannot be extended. 8 C.F.R. § 1240.26(f).

4. Petitioner's priority date is current. An immigrant visa number is available to Mr. Nolasco today. The only step missing is USCIS's decision. An approved I-130 is the legal predicate for every lawful path that remains open to keep this family together. If USCIS does not decide the petition before January 19, 2027, those paths begin to close, and Mr. Nolasco faces a ten-year bar to rejoining his wife.

5. Petitioner asks this Court to compel Respondents to do what the law already requires: decide her petition within a reasonable time. Petitioner does not ask the Court to tell USCIS how to decide it.

## II. JURISDICTION

6. This action arises under the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq.*; the Administrative Procedure Act (APA), 5 U.S.C. §§ 555(b), 701-706; and the Mandamus Act, 28 U.S.C. § 1361.

7. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1361 (mandamus). The APA waives sovereign immunity for this action. 5 U.S.C. § 702. The Court may grant relief under 5 U.S.C. § 706(1), 28 U.S.C. §§ 1361, 1651, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

8. The INA's jurisdiction-stripping provisions do not bar this action. Section 1252(a)(2)(B)(ii) shields certain discretionary decisions or actions. It does not shield a failure to decide. *Agrawal v. Edlow*, No. 26-CV-01400-EKL, 2026 WL 2363473, at *3 (N.D. Cal. Aug. 14, 2026) (§ 1252(a)(2)(B)(ii) does not cover agency inaction); *Tang v. Chertoff*, 493 F. Supp. 2d 148, 151–56 (D. Mass. 2007) (§ 1252(a)(2)(B)(ii) does not bar review of claim that adjudication was unreasonably delayed). Section 1252(g) does not apply either. It reaches only decisions or actions to commence proceedings, adjudicate cases, or execute removal orders. 8 U.S.C. § 1252(g); *Quichimbo Sumba v. Edlow*, 820 F. Supp. 3d 106, 109 (D. Mass. 2026) (§ 1252(g) is limited to three discrete actions and did not bar relief in suit challenging delayed USCIS adjudication) (citing *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999)). Petitioner does not challenge the removal proceedings or the Immigration Judge's order. She challenges only USCIS's failure to adjudicate her I-130.

## III. VENUE

9. Venue is proper in this District under 28 U.S.C. § 1391(e)(1). Respondents are officers of the United States sued in their official capacities. A substantial part of the events or omissions giving rise to this claim occurred here, Petitioner resides in this District, and no real property is involved. 28 U.S.C. § 1391(e)(1)(B), (C).

## IV. PARTIES

10. Petitioner Agueda Marte Marte has been a lawful permanent resident of the United States since December 8, 2011, and resides in San Juan, Puerto Rico. She is the petitioner on the Form I-130 at issue.

11. Respondent Natalia Figueroa is the Director of the USCIS San Juan Field Office and is sued in her official capacity. The San Juan Field Office has jurisdiction over Petitioner's place of residence. The Director has supervisory authority over the Field Office's operations.

12. Respondent Kika Scott is the District Director of USCIS District 9 (Miami District), which has jurisdiction over the San Juan Field Office. She is sued in her official capacity.

13. Respondent Joseph Edlow is the Director of U.S. Citizenship and Immigration Services (USCIS) and is sued in his official capacity. USCIS is the component of the U.S. Department of Homeland Security (DHS) that adjudicates Form I-130 petitions. USCIS issued a receipt for Petitioner's petition through its SCOPS Texas Facility in Irving, Texas. Director Edlow has supervisory authority over the other USCIS Respondents and over the processing of the petition.

14. Respondent Markwayne Mullin is the Secretary of Homeland Security and is sued in his official capacity. USCIS is an agency within DHS, and Secretary Mullin is responsible for its administration. Each Respondent is designated by official title. Fed. R. Civ. P. 17(d).

## V. EXHAUSTION OF REMEDIES

15. Petitioner has no administrative remedy to exhaust. No statute or regulation provides an administrative appeal from USCIS's failure to decide an I-130. Courts may not impose an exhaustion requirement that no statute or rule demands. *Darby v. Cisneros*, 509 U.S. 137, 153-54 (1993).

## VI. FACTUAL ALLEGATIONS

### A. The Family

16. Petitioner was born in San Cristóbal, Dominican Republic, on February 28, 1965. She became a lawful permanent resident of the United States on December 8, 2011. (Exhibit 1).

17. Mr. Nolasco was born in El Valle, Dominican Republic, on September 2, 1963. He is a native and citizen of the Dominican Republic. (Exhibit 3).

18. Petitioner and Mr. Nolasco married on December 18, 2022, in San Juan, Puerto Rico. The Puerto Rico Demographic Registry recorded the marriage on December 22, 2022. (Exhibit 2).

19. The marriage is bona fide. Petitioner and Mr. Nolasco live together in San Juan, Puerto Rico.

20. Petitioner and Mr. Nolasco married more than two and a half years before DHS placed Mr. Nolasco in removal proceedings. The restrictions on marriages entered into during proceedings do not apply. 8 U.S.C. §§ 1154(g), 1255(e); 8 C.F.R. § 204.2(a)(1)(iii).

**B. The I-130 Petition**

21. On November 4, 2025, Petitioner filed Form I-130 for Mr. Nolasco under INA § 203(a)(2)(A), 8 U.S.C. § 1153(a)(2)(A), as the spouse of a lawful permanent resident. USCIS accepted the $625.00 filing fee and issued Receipt No. IOE9675504506 through its SCOPS Texas Facility. Petitioner's priority date is November 4, 2025. (Exhibit 4).

22. The petition included the filing fee and the evidence required to establish the qualifying relationship, including the marriage certificate and proof of Petitioner's permanent resident status. *See* 8 C.F.R. § 204.2(a)(2).

23. Since filing, USCIS has not issued a request for evidence, a notice of intent to deny, or an interview notice. USCIS has not approved or denied the petition. As of the filing of this action, the I-130 has been pending for more than twelve months.

24. Under the Department of State Visa Bulletin for November 2026, the F2A final action date for all chargeability areas other than Mexico is October 22, 2026. (Exhibit 7). Petitioner's

November 4, 2025 priority date is earlier than that date and is current. An immigrant visa number is available to Mr. Nolasco now. The only step missing is USCIS's decision on the I-130.

25. Congress has stated that the processing of an immigration benefit application should be completed not later than 180 days after its initial filing. 8 U.S.C. § 1571(b). Respondents have exceeded that benchmark by more than six months.

**C. The Removal Proceedings and the Voluntary Departure Order**

26. Mr. Nolasco was admitted to the United States at or near New York on February 3, 2007, as a B-1 nonimmigrant visitor authorized to remain until May 2, 2007. (Exhibits 3, 6). He remained after that date.

27. On August 29, 2025, DHS issued Mr. Nolasco a Notice to Appear ("NTA") that superseded an earlier NTA issued on July 31, 2025. The NTA charges him as removable under INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), for remaining in the United States longer than permitted. (Exhibit 6). The Guaynabo (San Juan) Immigration Court heard his case.

28. On October 21, 2026, Immigration Judge Julia Díaz-Rex granted Mr. Nolasco pre-conclusion voluntary departure under INA § 240B(a), 8 U.S.C. § 1229c(a), and ordered him to depart on or before February 18, 2027. The order includes an alternate order of removal to the Dominican Republic. Both parties waived appeal. (Exhibit 5).

29. Because both parties waived appeal, the order became administratively final on October 21, 2026. 8 C.F.R. §§ 1003.39, 1241.1(b). A motion to reopen must be filed within ninety days of that date, on or before January 19, 2027. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.23(b)(1).

30. The February 18, 2027 departure date cannot be extended. Pre-conclusion voluntary departure may not exceed 120 days, and no extension may carry the total period past that limit. 8

U.S.C. § 1229c(a)(2)(A); 8 C.F.R. §§ 240.25(c), 1240.26(f); *see Dada v. Mukasey*, 554 U.S. 1, 10 (2008) (pre-conclusion voluntary departure may be granted for up to 120 days).

31. Mr. Nolasco cannot adjust status in the United States, even with an approved petition. As the spouse of a lawful permanent resident, he is not an "immediate relative." 8 U.S.C. § 1151(b)(2)(A)(i). Because he has not maintained lawful status since his 2007 admission, INA § 245(c)(2), 8 U.S.C. § 1255(c)(2), bars adjustment. *See Duron v. Stul*, 724 F. App'x 791, 792–94 (11th Cir. 2018) (unpublished). The exception in 8 U.S.C. § 1255(k) applies only to employment-based immigrants.

**D. Why USCIS Must Decide the I-130 Before January 19, 2027**

32. Adjustment is unavailable, but an approved I-130 with a current priority date is the predicate for each lawful path that remains open to Mr. Nolasco. Each path depends on a fixed date.

33. *Reopening and waivers.* With an approved petition, Mr. Nolasco can file a timely motion to reopen, on or before January 19, 2027, supported by that approval. A motion filed during the voluntary departure period automatically ends the grant and makes the alternate order effective, but the penalties of INA § 240B(d) do not apply. 8 C.F.R. § 1240.26(b)(3)(iii), (e)(1). An approved petition also allows Mr. Nolasco to seek consent to reapply for admission (Form I-212) and, once USCIS grants that consent, a provisional unlawful presence waiver (Form I-601A), even while subject to a final order. 8 C.F.R. § 212.7(e)(4)(iv); *Matter of Medina Madrid*, 29 I&N Dec. 514, 517 (BIA 2026). Petitioner, as his lawful permanent resident spouse, is a qualifying relative for that waiver. 8 U.S.C. § 1182(a)(9)(B)(v). Without an approved petition, there is nothing to support a motion to reopen and no basis to begin the waiver process. *See* 8 C.F.R. § 212.7(e)(3), (e)(4)(ii).

34. *Timely departure and consular processing.* If Mr. Nolasco departs under the voluntary departure grant on or before February 18, 2027, he leaves without an executed order of removal and avoids the bar in 8 U.S.C. § 1182(a)(9)(A). His departure will still trigger the ten-year unlawful presence bar. 8 U.S.C. § 1182(a)(9)(B)(i)(II). With an approved petition and a current priority date, he can immediately pursue an immigrant visa through the U.S. Embassy in Santo Domingo and seek a waiver based on extreme hardship to Petitioner. 8 U.S.C. § 1182(a)(9)(B)(v). Without an approved petition, he will leave with nothing ready for consular processing, and the couple's separation will last as long as USCIS takes to act after he is gone.

35. If USCIS has not decided the petition by January 19, 2027, the reopening path described in paragraph 33 closes. If USCIS has not decided it by February 18, 2027, Mr. Nolasco must choose between departing with no approved petition and remaining under an executable order of removal. Remaining would expose him to the penalties of 8 U.S.C. § 1229c(d), and any later removal or departure under that order would add a separate ten-year bar under 8 U.S.C. § 1182(a)(9)(A).

**E. Harm to Petitioner**

36. Petitioner and Mr. Nolasco have been married for nearly four years. Petitioner is 61 years old, and Mr. Nolasco is 63. Respondents' delay has caused Petitioner ongoing fear and uncertainty about whether her husband will be forced to leave for a decade or more at this stage of their lives.

37. Unless Respondents decide the I-130 before January 19, 2027, the delay will not merely postpone relief. It will destroy it. A petition that USCIS could decide today on a current priority date will lose most of its value to this family once the deadlines pass.

## VII. CLAIMS FOR RELIEF

**COUNT ONE: Agency Action Unlawfully Withheld and Unreasonably Delayed (5 U.S.C. §§ 555(b), 706(1))**

38. Petitioner realleges and incorporates paragraphs 1 through 37.

39. The APA requires every agency, "within a reasonable time," to "proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). A reviewing court "shall" compel agency action "unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

40. Adjudicating Petitioner's I-130 is a discrete agency action that Respondents are required to take. *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004). Once USCIS determines that the facts stated in the petition are true, it "shall" approve the petition. 8 U.S.C. § 1154(b). USCIS has discretion over the outcome. It has no discretion to refuse to decide. *Sutton v. Napolitano*, 986 F. Supp. 2d 948, 951, 959 (W.D. Wis. 2013) (claim to compel adjudication of pending I-130 is reviewable); *see also Shuba v. U.S. Embassy in Poland*, No. 25-CV-00390-LM, 2026 WL 2389580, at *10 (D.N.H. Aug. 17, 2026) (issuing a final decision on a visa application is a discrete, required agency action) (quoting *Kahbasi v. Blinken*, No. CV 23-1667 (LLA), 2024 WL 3202222, at *5 (D.D.C. 2024)).

41. Courts in this Circuit assess unreasonable delay under the factors set out in *Telecomms. Rsch. & Action Ctr. v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) ("*TRAC*"), asking whether the delay is "so egregious as to warrant mandamus." *Towns of Wellesley, Concord & Norwood, Mass. v. FERC*, 829 F.2d 275, 277 (1st Cir. 1987); *see Celebi v. Mayorkas*, 744 F. Supp. 3d 100, 105–06 (D. Mass. 2024) (applying *TRAC* factors). The factors favor Petitioner.

42. *Rule of reason and congressional timetable (factors one and two)*. Congress set a 180-day benchmark for immigration benefit applications. 8 U.S.C. § 1571(b). Even a non-binding

congressional timeline supplies a measure for judging the agency's pace. *See Afghan & Iraqi Allies v. Blinken*, 103 F.4th 807, 812, 815 (D.C. Cir. 2024). The petition has been pending for more than twelve months, more than twice that benchmark, with no action at all. A rule of reason must also account for the time in which a decision can still serve its purpose. Here, statute and court order fix that time: January 19, 2027, and February 18, 2027. A decision that arrives after those dates is a decision the law no longer allows Mr. Nolasco to use. Courts in this Circuit have compelled USCIS to decide applications it left untouched. *Tang*, 493 F. Supp. 2d at 157–58; *Abdi v. Chertoff*, 589 F. Supp. 2d 120, 121 (D. Mass. 2008).

43. *Human health and welfare (factor three).* Delay is less tolerable when human health and welfare are at stake. *TRAC*, 750 F.2d at 80. The delay exposes a married couple in their sixties to a separation of ten years or more. That harm is tied to dates fixed by statute and by court order. It is not the generalized hardship of waiting in a queue.

44. *Competing priorities (factor four).* Because Petitioner's priority date is current, a decision will produce an immediate, usable result rather than an approval that must wait years for a visa number. Ordering a decision does not require USCIS to approve the petition. It requires USCIS to decide it before deadlines that most petitioners in the queue do not face.

45. *Nature and extent of the interests prejudiced (factor five).* The interests at stake are the unity of a married couple and the loss of every lawful path to permanent residence available to Mr. Nolasco. Once the January 19 and February 18, 2027, deadlines pass, the delay becomes permanent harm that no later decision can repair.

46. *Impropriety (factor six).* Petitioner need not show bad faith to establish unreasonable delay. *TRAC*, 750 F.2d at 80.

47. Respondents have unlawfully withheld and unreasonably delayed adjudication of Petitioner's I-130 in violation of 5 U.S.C. §§ 555(b) and 706(1).

**COUNT TWO: Mandamus (28 U.S.C. § 1361), in the Alternative**

48. Petitioner realleges and incorporates paragraphs 1 through 47.

49. In the alternative, Petitioner is entitled to a writ of mandamus. The writ issues where the petitioner shows a clear right to the relief sought, no other adequate remedy, and a clearly defined and peremptory duty on the part of the respondent to do the act in question. Georges v. Quinn, 853 F.2d 994, 995 (1st Cir. 1988). Each element is met: (1) Petitioner has a clear right to adjudication of her I-130 within a reasonable time; (2) Respondents owe her a clear, nondiscretionary duty to adjudicate it, 5 U.S.C. § 555(b); 8 U.S.C. § 1154(b); and (3) no other adequate remedy is available to her.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully asks the Court to:

(a) Assume jurisdiction over this matter;

(b) Declare that Respondents have unlawfully withheld and unreasonably delayed adjudication of Petitioner's Form I-130, Receipt No. IOE9675504506;

(c) Order Respondents to adjudicate the Form I-130 within thirty (30) days of the Court's order, and in no event later than January 8, 2027, so that the decision is available before the January 19, 2027 motion-to-reopen deadline and the February 18, 2027 voluntary departure deadline;

(d) Order Respondents to file a status report with the Court within seven (7) days after the adjudication;

(e) Retain jurisdiction to ensure compliance with the Court's orders;

(f) Award Petitioner reasonable attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412; and

(g) Grant any other relief the Court deems just and proper.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 16 day of November 2026.

s/ Raymond L. Sánchez-Maceira
RAYMOND L. SÁNCHEZ-MACEIRA
USDC-PR No. 211405
PO Box 191972
San Juan, PR 00919
Tel. 787-751-2510
sanchezlaw264@gmail.com
Counsel for Petitioner

**CERIFICATION PURSUANT TO 28 U.S.C. § 1746**

I, Raymond L. Sánchez-Maceira, am counsel for Petitioner and submit this verification on her behalf. I have reviewed the foregoing Petition and the exhibits. I declare under penalty of perjury under the laws of the United States of America that the factual statements in the Petition are true and correct to the best of my knowledge, information, and belief.

Executed on November 16, 2026, in San Juan, Puerto Rico.

s/ Raymond L. Sánchez-Maceira
RAYMOND L. SÁNCHEZ-MACEIRA
USDC-PR No. 211405

## INDEX OF EXHIBITS

Exhibit 1: Permanent Resident Card (front and back), Dominican passport, and birth certificate of Petitioner Agueda Marte Marte

Exhibit 2: Puerto Rico Demographic Registry Certification of Marriage, No. A2002025 (celebrated December 18, 2022; registered December 22, 2022)

Exhibit 3: Birth certificate, Dominican passport, U.S. B1/B2 visa, and Form I-94 of Antolín Esteban Nolasco German

Exhibit 4: Form I-797C Receipt Notice, Form I-130, Receipt No. IOE9675504506 (priority date November 4, 2025)

Exhibit 5: Order of the Immigration Judge granting pre-conclusion voluntary departure, Guaynabo Immigration Court, October 21, 2026, with transmittal and certificates of service

Exhibit 6: Notice to Appear, Form I-862, dated August 29, 2025

Exhibit 7: U.S. Department of State Visa Bulletin for November 2026 (family-sponsored final action dates)